UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11737-RWZ

DANIEL R. HUNT

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

ORDER
January 10, 2011

ZOBEL, D.J.

Plaintiff Daniel R. Hunt applied to Defendant Northwestern Mutual Life Insurance Company ("Northwestern") for a Disability Insurance Policy which the latter issued under date of January 26, 2001. Plaintiff became disabled more than two years after the policy took effect, but defendant, on September 9, 2005, denied his claim on the ground that plaintiff had intentionally misrepresented his medical condition on the application. The complaint seeks damages for breach of contract and asserts a violation of Mass. Gen. L. ch. 93A. Defendant has counterclaimed for rescission. The matter is before me on defendant's motion to strike plaintiff's "untimely and burdensome" requests for admission (Docket # 26).

Fed. R. Civ. P. 36 allows a party to "serve on any other party a written request to admit ... the truth of any matters within the scope of Rule 26(b)(1) relating to:

(A) facts, the application of law to fact, or opinions about either; and

(B) the genuineness of any described documents."

Rule 26(b)(1) allows the parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...."

The principal issue in this case is whether plaintiff misrepresented his medical condition on the application for insurance. The 118 Requests which plaintiff has served on defendant are unquestionably burdensome and untimely. They are also problematic in several other respects:

1. Some concern matters not relevant to any claim or defense, e.g., Nos. 1, 2, 3, and 7;

2. Some concern matters not in dispute, e.g., Nos. 84, 85, and 88;

3. The vast majority pertain to statements made by several witnesses, including plaintiff, at their depositions. It is unclear whether these Requests ask defendant to admit the accuracy of the record of the deposition or the truth of the witnesses statements. The former is not an appropriate use of Rule 36; the latter calls for defendant's judgment of the witnesses' credibility not "facts, the application of law to fact, or opinions about either." These are exemplified by, among others, Requests Nos. 6-44, 49-51, 96 and 101.

The motion to strike is allowed.

| January 10, 2011 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |